53 CCPA

**Application of Walther F. SCHEEL.**

**Patent Appeal No. 7647.**

United States Court of Customs and Patent Appeals.

June 23, 1966.

James E. Nolan, Washington, D. C., for appellant.

Joseph Schimmel, Washington, D. C. (L. F. Parker, Washington, D. C., of counsel), for Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Jr., Associate Judges, and Judge WILLIAM H. KIRKPATRICK.*

ALMOND, Judge.

Walther F. Scheel appeals from the decision of the Board of Appeals affirming the rejection of claims 1, 5, and 7 of his application [1] entitled "Vehicle Steering Assembly." No claims have been allowed.

The rejection is grounded on 35 U.S.C. § 103, the prior art being:

Remde 1,623,554 April 5, 1927
Duby 1,982,377 November 27, 1934
Higbee 2,182,560 December 5, 1939

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

1. Serial No. 134,543 filed August 14, 1961.

Appellant's invention is sufficiently described by claim 1 when read in conjunction with Fig. 3 of the drawings hereinafter reproduced:

Fig.3

1. In a roadway vehicle having front [20] and rear axles supported on ground engaging wheels [70], said front axle comprising a rigid transverse member, king pins [26] rigid with opposite ends [22] of said member and disposed substantially parallel and vertical, steering knuckles [28] journalled on said king pins, said king pins extending into bores [24] lined with bushings in said knuckles, each knuckle having a relatively short axially outwardly extending rigid wheel mounting spindle [48], brake mechanism mounting members [50] rigid with said knuckles and secured upon said knuckles axially outwardly of said king pins, drag links [108] rigid with said knuckles and projecting rearwardly below the level of said spindles, a tie rod [not shown] connecting said drag links, a steering arm [90] rigid with one of said knuckles above the levels of said spindles, spaced apart closely adjacent wheel mounting bearings [56] on each of said spindles, the axially innermost of said bearings being the larger, and a front wheel hub [54] mounted on said bearings and comprising a tire mounting rim [72] extending axially inwardly to substantially surround the associated king pin and steering knuckle assemblies and a brake drum [64] rigid with said hub extending over the brake mechanism carried by said mounting members the vertical center diametrical plane of each wheel rim [Y–Y] lying axially inwardly of the associated wheel mounting bearings and each king pin axis [X–X] being parallel to and axially offset axially inwardly a small distance from the vertical center diametrical plane of the associated wheel rim. [Numerals added correspond to those in Fig. 3.]

While claim 1, as well as claims 5 and 7, recite numerous elements, appellant in his brief states:

> For simplification of the issues appellant freely admits that the various more or less conventional elements of the combination of claim 1 are essentially old as disclosed in Duby or Higbee, but these patents contain no concept of the essential point of the claimed invention, namely *the offset location of the vertical king pin axis a small distance inwardly of the wheel center plane of a roadway vehicle to deliberately and controllably impose a load on the king pin.* [Emphasis added.]

Taking appellant's lead, we will focus our attention primarily on the feature of his invention upon which patentability is predicated—the offset location of the vertical king pin axis.

Duby discloses a vehicle wheel assembly wherein the various parts of a wheel and certain parts of its cooperating members are arranged "in such a manner that the center of gravity of the entire unit will lie in substantially the same vertical plane as the king-bolt axis and the middle of tire tread." This arrangement, illustrated by Fig. 7 of Duby (hereinafter reproduced) is stated to be an improvement over prior wheel assemblies, shown in Fig. 6 of that reference also reproduced on page 302, wherein the king pin axis is positioned a considerable distance away from the center of gravity with respect to the wheel and its associated knuckle member as a unit.

## Fig.6.

PA 7647

## Fig.7.

Fig. 1.

PA 7647

Figure 1 of Remde, depicted above, illustrates his invention. The pertinent features of the drawing are axle 1 to which knuckle 1ᵃ is integrally attached, tire 5 and pivot pin 7. While not described in the written specification, it is clear from Fig. 1 that the axis of pin 7 is vertical and offset inwardly from the wheel center plane.

Higbee, like Duby, relates to a dual wheel assembly. So far as the position of the king pin axis relative to the wheel center plane is concerned, Higbee shows the former to be *inclined* (rather than vertical) to the latter.

The position of the examiner was that it would be obvious to one skilled in the art to offset Duby's king pin 56 slightly inwardly in view of the illustration in Remde's Fig. 1, and the board in affirming him held that schematic Fig. 6 of Duby also suggested to them the proposed modification of Duby.

We see no reversible error in the board's conclusions. Remde's Fig. 1 clearly illustrates a wheel construction wherein the axis of the pivot pin is both vertical and laterally offset from the wheel center plane. Appellant advances two arguments to distinguish over Remde, neither of which we deem persuasive. First, appellant contends that the disclosure embodied in Fig. 1 of Remde is incidental, presumably because Remde did not in words describe the arrangement of the pivot pin axis relative to the wheel center plane. We cannot subscribe to this view. Remde clearly and unambiguously shows the offset arrangement noted above in illustrating an improved steering wheel construction. This construction, which includes the offset relation of the pivot pin axis, is stated by Remde to provide

\* \* \* an improved steering knuckle joint wherein *(a)* the load

due to the weight of the vehicle frame and any load or weight thereon is carried by the knuckles independently of the pivot pin for the joint and *(b)* the bearing elements which carry the load between the knuckles are so arranged and correlated as to reduce to a minimum the friction between them incident to the steering operations.

Appellant also seeks to distinguish over Remde on the basis that Remde's axle is not for a roadway vehicle as called for by appellant's claims. We do not read Remde as narrowly as appellant. While Remde illustrates his invention "as adapted for use in an industrial truck," the patent also states:

> The invention may be applied to and embodied in any desired type of vehicle and also vehicle wheels which are driven. In putting my invention into actual use I have applied it to and embodied it in the trailing or load supporting wheels and axle of an industrial truck, more particularly a truck of this character in which a portion of the truck frame is dropped or arranged relatively low to the supporting surface, but, such use and application of my invention is merely by preference and for illustrative purposes.

Appellant submitted an affidavit by one Nelson R. Brownyer, a mechanical engineer in the employ of the assignee of the application at bar. This affidavit contains, inter alia, a comparison between the steering performance of a truck equipped with a wheel assembly conforming to appellant's invention and a truck equipped with a wheel assembly wherein the king pin axis was *inclined* toward the wheel center plane. We have no reason to doubt that the former is an improvement over the latter. However, our analysis of the prior art leads us to the same conclusion reached by the examiner and the board, that both Remde and Duby clearly disclose a wheel construction wherein the king pin axis is vertical and is offset relative to the wheel center plane. As to these teachings, the affidavit, relating as it is to an inclined king pin axis, is not relevant.

Considering the teachings of the prior art in their entirety, we are of the opinion that there is no reversible error in the board's decision finding the subject matter sought to be patented obvious within the meaning of section 103. Accordingly, that decision is affirmed.

Affirmed.